I respectfully dissent from the opinion of the majority as to the judgment in 98-P-0055. At the outset, however, I would like to indicate that I do concur with the majority in its reversal of the judgment in 98-P-0080. Specifically, I agree that the actions of the trial court which took place during the pendency of the original appeal are null and void.
The subject of my dissent concerns the basic substance of all of appellant's assignments of error, to wit: whether the trial court had a sufficient evidential basis to support its spousal and child support calculations and its division of marital property, including its corporate valuations.
As to the $72,000 figure used as the basis for child and spousal support, I disagree very strongly with the determination that there was a lack of evidence in the record to support it. The majority seems to imply that this figure was imputed income to appellant; however, it was not. There was a variety of evidential submissions offered as to appellant's financial status.
Most compelling was a personal Financial Statement prepared by appellant in September 1994 for the purposes of obtaining credit. It indicated that the total assets of appellant's two solely owned corporations were approximately $1.7 million as compared to total liabilities of $180,000. Appellant also stated in the Financial Statement that he drew a salary of $60,000 a year plus $12,000 a year in rental income.
Appellant's claim that his income suddenly dropped as the marriage disintegrated had little support in terms of corroborative evidence submitted by him. Although appellant argued that he had inflated the figures on that Financial Statement, the trial court was free to disbelieve him, particularly when it had the other figures relating to the value of the two corporations from which his income was derived. Thus, there was some competent, credible evidence that shortly before the divorce proceedings, appellant was earning $72,000 per year.
As previously indicated, the record reflects that appellant was the owner and sole shareholder of two business corporations established during the marriage. As is obvious, there was disagreement as to their respective value. The various exhibits, stipulations, and appellant's testimony as to the value of these two corporations conflicted significantly. The valuation of the parties ranged from zero to several million dollars.
The reality is that this was a credibility issue. The evidence that appellant and appellee provided, both prior to and during the trial, was in conflict. In fact, appellant's own evidence, stipulations, and testimony were in significant conflict. Hence, the trial court was free to believe the evidence which was most consistent with the circumstances presented in this case. Those circumstances included the fact that appellant had been evasive, had experienced convenient memory loss, and had been uncooperative in providing financial information.
However, in addition to the personal Financial Statement and numerous other financial documents, the trial court also had before it three years of federal income tax returns for the two corporations. Those returns made a $72,000 salary not only seem reasonable, but positively modest.
The same analysis applies to the trial court's determination of marital and non-marital property and the remainder of the property division. There was some competent, credible evidence to support the trial court's judgment.
It is only appellant who is now complaining about the inadequacies of the evidence. To remand this matter would only serve to allow appellant another opportunity to delay, obfuscate, and possibly profit from further litigation of this matter. That being the case, I feel this court should not reward such behavior.
There was some competent, credible evidence which supported the trial court's determination. Although there was not as much evidence as could have been made available if appellant had been more cooperative, there was nevertheless enough in my opinion. I would affirm the trial court's decision in that respect.
Thus, I only concur with the majority's resolution of the appeal at issue in 98-P-0080. It must be reversed for the reasons stated in the majority opinion. I dissent, however, from the majority's position with regard to the appeal in 98-P-0055. Specifically, I would affirm the trial court's April 21, 1998 judgment in its entirety.
 ___________________________________ PRESIDING JUDGE JUDITH A. CHRISTLEY